UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

(HUNTINGTON DIVISION)

**FILED**
MAR 23 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Plaintiff,

Geoffery D. Johnston
Rt 2 Box 395
Milton, WV 25541

COMPLAINT: PLAINTIFF DEMANDS
TRIAL BY JURY WITHIN 10 DAYS OF
SERVICE OF ANSWER

-vs-

Defendants,

U.S. Attorney General,
U.S. Department of Justice,
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

R. Booth Goodwin II,
U.S. Attorney for the Southern District
Of West Virginia
P.O. Box 1713
Charleston, WV 25326

1. At all times mentioned, Plaintiff was and still is a resident of Milton, Cabell County, West Virginia.

2. Defendant, U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave, N.W., Washginton, D.C. 20530 are a government agency under the laws of the U.S. government, having a main office in Washington, D.C., and are authorized to do business in the state of West Virginia.

3. Defentant, R. Booth Goodwin II, U.S. Attorney for the Southern District of West Virginia, P.O. Box 1713, Charleston, WV 25326 are a government agency under the laws of the U.S. government, and having a main office in

Charleston, WV, and are authorized to do business in the state of West Virginia.

4. The jurisdiction of this court is invoked pursuant to the "Long Arm Statute."

5. In that the Plaintiff currently has a civil action pending in the United States District Court Southern District of West Virginia (Huntington) against defendants, 3:13-cv-10995.

6. Defendants are actively pursuing federal charges against Mr. Gary Southern, President, Freedom Industries, Charleston, WV for violation of the "Clean Water Act, 33 U.S.C. 1251 et. Seq (1972)," yet refused to pursue charges against the Marine officials at Camp Lejeune, North Carolina for the same violation that affected 1 million men, women, and children living and dying from 15 different cancers due to contaminated drinking water.

7. Defendants were diligent in filing charges against Mr. Southern, only waiting a matter of months, yet plaintiff's civil action has been bogged down in the legal system for years now. Plaintiff should have the same right at an expedient trial.

8. At issue is that the U.S. Supreme Court agreed with the "Statute of Repose" law passed by the state of North Carolina limiting damages to those exposed to contamination to 10 years after the last known contamination. In brief, with this ruling, the U.S. Supreme Court acknowledged that state law over-rides federal law, thus jeopardizing any legal action against the federal government for violating the same law they are prosecuting Mr. Southern.

9. The termination date for contamination at Camp Lejeune was 1987. The North Carolina termination date for the Statute of Repose is 1997, even though they did not start notifying any infected individual until 1999.

10. To date, the owner of the off-base dry cleaners has never been prosecuted for allowing chemicals to be introduced into the base water system as has Mr. Southern, who is currently being prosecuted. Plaintiff cannot believe

nor accept that the Marine officials aboard Camp Lejeune had not knowledge of the "Clean Water Act," and did not receive adequate training to recognize over 70 contaminate chemicals contained in the water supply. Plaintiff also cannot stand by and watch the defendants prosecute Mr. Southern and they and the Marine officials not be held to the same standard. The Department of Justice conducted an investigation into the contaminated water at Camp Lejeune and found not criminal fault on the part of the Marine officials, the same agency who found fault in Mr. Southern. Mr. Southern did not intentionally poison the water in West Virginia on January 9th, 2014, just as the Marine officials at Camp Lejeune did not intentionally poison the drinking water.

11. Showing gross neglect of duty and misconduct, defendants have blatantly discriminated against the plaintiff by not pursuing the Marine officials at Camp Lejeune, just as they have not pursued the officials at the VA in Phoenix for killing 14 veterans over appointment scheduling, denying plaintiff of his "Constitutional right" to seek "Justice for all."

12. Due to defendants actions, plaintiff has suffered extreme mental, physical, and financial hardship. Plaintiff has been receiving treatment for kidney cancer over the past year.

13. WHEREFORE, Plaintiff demands:
    Money damages in the amount of $20,000.000.00
    Defendants be held responsible for all incurred court cost
    Temporary injunction against defendants in prosecuting and violation
    Of the "Clean Water Act" until 3:13-cv-10995 is resolved
    Any further relief which the court may deem appropriate

*Geoffery D. Johnston*
Geoffery D. Johnston
Rt 2 Box 395
Milton, WV 25541
(304) 743-6082

23 March 2015