**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**GEOFFERY D. JOHNSTON,**

**Plaintiff,**

**v.** **Case No. 3:15-cv-03467**

**U.S. ATTORNEY GENERAL;**
**R. BOOTH GOODWIN, II, U.S.**
**Attorney for the Southern District**
**of West Virginia,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On March 23, 2015, Plaintiff Geoffrey D. Johnston ("Plaintiff") filed a *pro se* complaint against the United States Attorney General and R. Booth Goodwin, II, former United States Attorney for this District (collectively, "Defendants"), along with an Application to Proceed Without Prepayment of Fees or Costs. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 2), be **DENIED**; Plaintiff's complaint, (ECF No. 1), be **DISMISSED**, **with prejudice**; and this matter be removed from the docket of the Court.

## I. **Factual and Procedural History**

Prior to initiating the action that is the subject of this PF & R, on May 10, 2013, Plaintiff filed a *pro se* complaint in this Court against the Administrator of the United States Environmental Protection Agency, the Department of Defense, and the Secretary of the United States Navy alleging that when he was stationed at Marine Corps Base Camp Lejeune in North Carolina between 1982 and 1985, he was exposed to contaminated water. (ECF No. 1-1 at 5-6). Plaintiff asserted that his consumption of the contaminated water caused him physical and emotional harm. He sought $5,000,000 in damages. (*Id.* at 6). On October 18, 2013, Plaintiff's May 2013 complaint was transferred to the United States District Court for the Northern District of Georgia where multi-district litigation was pending related to the water contamination at Camp Lejeune. *Johnston v. Adm'r of the EPA*, No. 3:13-cv-10995, Dkt. Nos. 26 & 27 (S.D.W.Va.); *see generally In re Camp Lejeune, N.C. Water Contamination Litigation*, 1:11-md-02218 (N.D. Ga.).

On March 23, 2015, Plaintiff filed the instant *pro se* complaint, again related to the water contamination at Camp Lejeune. (ECF No. 1). In the complaint, Plaintiff accuses Defendants of "gross neglect of duty and misconduct" because of their failure to pursue criminal charges against "Marine officials at Camp Lejeune" and "the owner of the off-base dry cleaners" related to their involvement in the water-contamination crisis. (*Id.* at 2-3). Plaintiff complains that while Defendants criminally charged the former president of Freedom Industries, Gary Southern, for violating the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, after a chemical spill left many in West Virginia without usable water, Defendants refused to prosecute those involved in the Camp Lejeune water contamination. (ECF No. 1 at 2). Plaintiff claims that Defendants have discriminated against him by prosecuting Mr. Southern, but not prosecuting those responsible for the Camp Lejeune water

pollution. (ECF No. 1 at 3). Plaintiff alleges that he has suffered "extreme mental, physical, and financial hardship" as a result of Defendants' actions, adding that he underwent treatment for kidney cancer in the year prior to filing his complaint. (*Id.* at 3). Plaintiff seeks $20,000,000 in damages and a "temporary injunction against [D]efendants in prosecuting an[y] violation of the 'Clean Water Act' until" his May 2013 complaint is resolved. (*Id.*)

## II. <u>In Forma Pauperis Screening</u>

When an individual files a complaint with an application to proceed in forma pauperis, the court must screen the tendered complaint to determine if any part of it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Thorne v. Huntington Police Dep't*, No. 3:12-6280, 2013 WL 2458544, at *2, *5 (S.D.W.Va. June 6, 2013). A case is "frivolous" if it lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when viewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint fails to contain enough facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In the event of a *pro se* complaint, the court must liberally construe the allegations contained therein. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081

(2007). However, even under this less stringent standard, the complaint must still contain sufficient factual allegations to support a cause of action currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. Analysis

Having thoroughly reviewed Plaintiff's *pro se* complaint, and after affording it liberal construction, the undersigned concludes that Plaintiff's complaint should be dismissed because it is frivolous and fails to state a claim upon which relief may be granted for at least two reasons. First, Plaintiff does not have standing to pursue his claim of selective prosecution. "In order to satisfy Article III's standing requirements, the plaintiff must show that: (1) he has suffered an injury in fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002). Essentially, Plaintiff's complaint alleges that Defendants, as prosecutors, have abused their prosecutorial discretion by failing to pursue criminal charges against those who caused the water contamination at Camp Lejeune. However, the Supreme Court has held that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *see also Smith v. McCarthy*, 349 F. App'x

851, 859 n.12 (4th Cir. 2009) (recognizing that private individuals do not have standing to request the prosecution of another); *Doe v. Mayor & City Council of Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime. These are discretionary public duties that are enforced by public opinion, policy, and the ballot."). In other words, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S.*, 410 U.S. at 619. Here, because Plaintiff is neither being prosecuted nor threatened with prosecution, he lacks standing to challenge Defendants' purported decision to refrain from criminally charging those who were responsible for the Camp Lejeune contamination. Moreover, there is no reason to believe that the initiation of a prosecution by Defendants at the present time would redress the injuries Plaintiff allegedly sustained as a result of consuming the water at Camp Lejeune in the 1980s.[1] Indeed, Plaintiff's alleged injuries are best redressed by his currently pending civil action in the Northern District of Georgia, which is a part of the multi-district litigation concerning the Camp Lejeune contamination.

Even assuming, *arguendo*, that Plaintiff could establish standing by meeting the three requirements described above, his complaint must be dismissed for another reason—prosecutors, like the United States Attorney General and the United States Attorney for this District, enjoy "absolute immunity for actions taken within the scope of the judicial process." *Conley v. Ryan*, 92 F. Supp. 3d 502, 521 (S.D.W.Va. 2015). The

---

[1] Furthermore, the proper venue for bringing any criminal charges related to the water contamination at Camp Lejeune would be outside of the Southern District of West Virginia. *See* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). Mr. Goodwin would not have been the United States Attorney responsible for pursuing charges related to a water contamination incident that occurred in North Carolina.

United States Court of Appeals for the Fourth Circuit has consistently held that "a prosecutor is entitled to absolute immunity for claims that rest on her decisions regarding 'whether and when to prosecute.'" *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997) (quoting *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996)); *cf. Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that prosecutors enjoy absolute immunity for decision to initiate prosecution). In particular, the Fourth Circuit and this Court have held that prosecutors are absolutely immune from liability related to their decisions ***not*** *to prosecute*. *Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009); *Wellman v. West Virginia*, 637 F. Supp. 135, 137-38 (S.D.W.Va. 1986). Consequently, Plaintiff's claim against Defendants for declining to prosecute those responsible for the Camp Lejeune water contamination would be destined to fail. Therefore, for the aforementioned reasons, the undersigned **FINDS** that Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.

## IV. Proposal and Recommendation

For the reasons stated, the undersigned respectfully **PROPOSES** that the United States District Court accept and adopt the proposed findings and **RECOMMENDS** that:

1. Plaintiff's Complaint, (ECF No. 1), be **DISMISSED**, **with prejudice**;
2. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 2), be **DENIED**; and
3. This case be removed from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall

have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED:** March 29, 2016

Cheryl A. Eifert
United States Magistrate Judge